Filing # 73054691 E-Filed 06/04/2018 04:54:04 PM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA
CIVIL DIVISION

CJ'S SALES AND SERVICE OF OCALA,
INC., a Florida corporation, d/b/a CJ'S
POWER SYSTEMS,

       Plaintiff,

v.                               Case No.: _____

POWERSECURE, INC., a Delaware
corporation,

       Defendant.

_____/

## COMPLAINT

Plaintiff, CJ'S SALES AND SERVICE OF OCALA, INC., a Florida corporation, d/b/a

CJ'S POWER SYSTEMS ("Plaintiff"), by and through its undersigned counsel, sues Defendant,

POWERSECURE, INC., a Delaware corporation ("Defendant"), and alleges as follows:

### Parties, Jurisdiction, and Venue

1.     This is an action for damages in excess of $15,000.00, exclusive of interest, costs,

and attorneys' fees.

2.     Plaintiff is a Florida corporation with its principal place of business located in

Marion County, Florida.

3.     Defendant is a Delaware corporation with its principal place of business located in

Wake Forest, North Carolina. At all times material herein, Defendant was authorized to, and did,

conduct business in the State of Florida.

4.     This Court has personal jurisdiction over Defendant pursuant to Section 48.193,

*Florida Statutes*, in that, without limitation, Defendant has operated, conducted, engaged in, or

carried on a business or business venture in the State of Florida or has an office or agency in the State of Florida and has committed a tortious act within the State of Florida, and the causes of action herein arise out of such acts.

5.     This Court further has personal jurisdiction over Defendant pursuant to Section 48.193, *Florida Statutes*, in that, without limitation, Defendant is engaged in substantial and not isolated activity with the State of Florida.

6.     Venue is proper in Marion County, Florida pursuant to Chapter 47, *Florida Statutes*, in that, without limitation, the causes of action herein accrued in Marion County, Florida.

### General Allegations

7.     Plaintiff is in the business of providing total solutions for emergency power systems, including, without limitation, all aspects of power generation, maintenance, and repairs; fuel maintenance services; and HVAC maintenance services.

8.     Defendant is a direct competitor of Plaintiff and provides similar services to the same target customers in the same geographic area as Plaintiff.

9.     On or about November 2,2017, Plaintiff hired Glen D. Howard ("Howard") as its Director of Sales.

10.    Part of Howard's job responsibilities as Director of Sales was to solicit customers on behalf of Plaintiff and to build and develop relationships on behalf of Plaintiff in order to procure contracts for Plaintiff's services.

11.    As a condition of his employment with Plaintiff, Howard was required to, and did, sign a non-disclosure agreement dated October 30, 2017 (the "NDA") pursuant to which Howard agreed, among other things, that he would not disclose or use confidential information provided

2

by Plaintiff, including disclosing confidential information that may cause a detriment to Plaintiff or use any confidential information to compete with Plaintiff.

12.     Pursuant to the NDA, Howard further agreed that he would not (1) use Plaintiff's confidential information to prevent Plaintiff from reaping the potential benefit of Plaintiff's business opportunities, projects, and prospects introduced by Plaintiff to Howard or introduced to Howard on behalf of Plaintiff (the "Business"); (2) contact, directly or indirectly, any person or entity involved or potentially involved in any business dealing with Plaintiff; and (3) enter into any transaction, conduct any business, or obtain any beneficial interest related to the Business.

13.     Additionally, Howard agreed that he would not circumvent or cause, or permit or assist others to circumvent, Plaintiff or otherwise engage in bad faith with respect to the Business.

14.     On or about December 4, 2017, Howard tendered his resignation to Plaintiff.

15.     At or about the same time, Defendant hired Howard as its Vice President of Sales.

16.     Upon information and belief, Howard's job responsibilities as Vice President of Sales for Defendant are substantially the same as his job responsibilities were as Director of Sales for Plaintiff.

17.     Following Howard's resignation, Plaintiff discovered that Howard, in violation of the NDA, and without Plaintiff's knowledge or consent, forwarded Plaintiff's confidential and other propriety information to his personal devices. The confidential and propriety information included Plaintiff's sample agreements, bid pricing structure, and customer lists.

18.     Plaintiff has a lawsuit pending against Howard in the United States District Court for the Middle District of Florida, Case No. 5:18-cv-00194-JSM-PRL, for (1) breach of contract; (2) violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030); and (3) breach of fiduciary

duty due to Howard's unlawful theft, destruction, and use of Plaintiff's confidential and propriety information.

19.   Upon information and belief, Defendant, through its employee Howard, is utilizing Plaintiff's confidential and proprietary information to its advantage and to the detriment of Plaintiff.

20.   At the time Defendant hired Howard as its Vice President of Sales, or soon thereafter, Defendant was aware that Howard was subject to an NDA in favor of Plaintiff.

21.   The use of non-disclosure agreements is common practice in Plaintiff and Defendant's industry, particularly for salespersons such as Howard who often travel out of the office and interact with customers and potential customers on a regular basis.

22.   Prior to hiring Howard, Defendant was aware of Plaintiff and its business. In fact, a few months before Defendant hired Howard, Plaintiff met with and had communications with a representative of Defendant to discuss creating synergies in the industry and potential opportunities for collaboration between the two companies.

23.   In Plaintiff and Defendant's industry, the primary method by which companies such Plaintiff and Defendant obtain customers is by bidding on requests for proposals ("RFPs") put out by potential customers and by soliciting customers to provide services. As such, the ability of a company such as Plaintiff or Defendant to attract and retain customers is based on, among other factors, developing contacts with customers who are or will be putting out RFPs (in order to be on the customers' radar when it comes time to bid) and putting together competitive bids to pitch to those customers.

24.   By having access to and using Plaintiff's confidential and proprietary information, Defendant has placed Plaintiff at a significant competitive disadvantage in terms of its ability to

4

successfully bid on RFPs and thereby attract and retain customers, as Defendant has knowledge of and access to Plaintiff's customer lists, contractual arrangements, and bidding formulas.

25.    All conditions precedent to the filing and maintenance of this action have been satisfied, waived, or otherwise excused.

26.    Plaintiff has retained the law firm of Latham, Shuker, Eden & Beaudine, LLP to represent it in this action and is obligated to pay said firm a reasonable fee for its services.

## COUNT I
### Tortious Interference with Business Relationship

27.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

28.    Plaintiff had a business relationship with Howard, including the benefit of a binding NDA executed by Howard in favor of Plaintiff which included non-solicitation and non-competition provisions.

29.    Defendant had knowledge of Plaintiff's business relationship with Howard and the NDA executed by Howard.

30.    Defendant intentionally and without justification interfered with Plaintiff's business relationship and the NDA.

31.    As a result of Defendant's intentional and unjustified interference, Plaintiff has suffered, and continues to suffer, damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter final judgment in favor of Plaintiff and against Defendant (a) awarding Plaintiff damages, interest, and the costs of this action; (b) awarding injunctive relief requiring Defendant to cease using Plaintiff's confidential and proprietary information; and (c) granting such other and further relief as the Court deems proper.

5

Dated: June 4, 2018

/s/Daniel H. Coultoff
**Daniel H. Coultoff, Esq.**
Florida Bar No. 994480
coultoff@lseblaw.com
**Christina Y. Taylor, Esq.**
Florida Bar No. 0057616
ctaylor@lseblaw.com
**Latham, Shuker, Eden & Beaudine, LLP**
111 N. Magnolia Avenue, Suite 1400
Orlando, FL 32801
Telephone:  407.481.5800
Facsimile:  407.481.5873

*Attorneys for Plaintiff*